MISTY A. MURRAY (SBN CA 196870)
mmurray@hinshawlaw.com
HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone:  213-680-2800
Facsimile:  213-614-7399

PETER J. FELSENFELD (SBN 260433)
pfelsenfeld@hinshawlaw.com
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone:  415-362-6000
Facsimile:  415-834-9070

Attorneys for Plaintiff-in-Interpleader
METROPOLITAN LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>　　　　Plaintiff-in-Interpleader,<br><br>　　vs.<br><br>ERIC RAMIREZ, an individual; RUBEN GÓMEZ, an individual; K.R., a minor,<br><br>　　　　Defendants-in-Interpleader. | Case No. 3:21-cv-1901<br><br>**PLAINTIFF-IN-INTERPLEADER METROPOLITAN LIFE INSURANCE COMPANY'S COMPLAINT-IN-INTERPLEADER** |

Plaintiff-in-Interpleader Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, does hereby file this Complaint-in-Interpleader and states as follows:

**PARTIES**

1. MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York. It is duly licensed to do business in the State of California.

2. Upon information and belief, Defendant-in-Interpleader Eric Ramirez ("Eric") is the spouse of Susana Gómez-Ramirez ("Decedent") and is a citizen and resident of San Francisco, California.

3. Upon information and belief, Defendant-in-Interpleader Ruben Gómez ("Ruben") is the brother of Decedent and is a citizen and resident of León, GTO, Mexico.

4. Upon information and belief, Defendant-in-Interpleader K.R., a minor ("K.R.") is the daughter of Decedent and is a citizen and resident of San Francisco, California.

5. Eric, Ruben and K.R. are collectively referred to herein as "Defendants-in-Interpleader."

**JURISDICTION AND VENUE**

6. This Court has original jurisdiction over this action, pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 because this action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, a law of the United States. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

7. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. §1397, and 28 U.S.C. §1391(b), because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

**FACTS**

8. Decedent was an employee of TriNet HR III, Inc. ("TriNet") and a participant in the Group Insurance Plan for Employees of TriNet ("the Plan"), an ERISA-governed employee welfare benefit plan sponsored by TriNet, with the TriNet Corporation as Plan Administrator, and funded by a group life insurance policy issued by MetLife.

9. MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan.

10. ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

11. The Plan establishes at page 46, the right of a Plan participant to name his or her beneficiary. A true and correct copy of the relevant portion of the Plan is attached hereto **Exhibit A**.

12. MetLife received a Beneficiary Designation Form dated September 28, 2020 designating Ruben as the sole, primary beneficiary and K.R. (minor) as the sole, contingent beneficiary (the "September 28, 2020 Beneficiary Designation Form"). A true and correct copy of the September 28, 2020 Beneficiary Designation Form is attached hereto as **Exhibit B**.

13. Decedent previously submitted a beneficiary designation form dated September 24, 2020 designating K.R. (minor) as the sole, primary beneficiary and Ruben as the sole, contingent beneficiary (the "September 24, 2020 Beneficiary Designation Form"). A true and correct copy of the September 24, 2020 Beneficiary Designation Form is attached hereto as **Exhibit C**.

14. In addition, MetLife previously received a Beneficiary Designation Form dated August 5, 2019 designating both K.R. (minor) and Eric as primary beneficiaries at 50% each (the "August 5, 2019) Beneficiary Designation Form"). A true and correct copy of the August 5, 2019 Beneficiary Designation Form is attached hereto as **Exhibit D**.

15. Based on information and belief, Decedent was admitted to hospice on or about September 24, 2020.

16. Based on information and belief, Decedent died on September 29, 2020. A true and correct copy of the death certificate is attached hereto as **Exhibit E**.

17. At the time of her death, Decedent was enrolled under the Plan for Basic Life insurance coverage in the amount of TWENTY THOUSAND DOLLARS ($20,000.00) (the "Plan Benefits"). The Plan Benefits became payable upon Decedent's death, pursuant to the terms of the Plan.

18. On or about October 10, 2020, MetLife received a Life Insurance Claim form completed by Ruben for the Plan Benefits pursuant to the September 28, 2020 Beneficiary Designation

1  Form. A true and correct copy of the claim form is attached hereto as **Exhibit F**.

2        19. On or about October 14, 2020, MetLife received a Life Insurance Claim form
3  completed by K.R. (minor) pursuant to the September 24, 2020 Beneficiary Designation Form. A true
4  and correct copy of the claim form is attached hereto as **Exhibit G**.

5        20. On November 16, 2020, MetLife wrote to Eric, K.R. (minor) and Ruben, advising that
6  their claims were adverse to one another and raised questions of fact and law that could not be resolved
7  by MetLife without exposing the Plan to the danger of double liability. MetLife gave Eric, Ruben and
8  K.R. (minor) an opportunity to resolve this matter in order to preserve the Plan Benefits from litigation
9  costs and fees. A true and correct copy of the November 16, 2020 letter is attached hereto as **Exhibit**
10 **H**.

11       21. On or about December 9, 2020, Ruben sent MetLife a handwritten "Last Will" that
12 appeared to be signed by Decedent on or about September 25, 2020, which states that all of Decedent's
13 life insurance proceeds should be administered by Ruben either to pay for K.R. 's (minor) college
14 education or, if K.R. (minor) does not attend college, to give the money directly to her. However,
15 pursuant to the terms of the Plan, MetLife does not recognize this document as a designation.

16       22. Eric claims that the September 28, 2020 Beneficiary Designation Form was
17 fraudulently obtained by Ruben; while Ruben claims that the designation form is valid and supersedes
18 the September 24, 2020 Beneficiary Designation Form.

19       23. Upon information and belief, no agreement has been reached between Eric and Ruben.

20       24. MetLife cannot determine the proper beneficiary of the Plan Benefits without risking
21 exposure of itself, the Plan and TriNet to multiple liabilities.

22       25. If a court were to determine that the September 24, 2020 Beneficiary Designation Form
23 is valid, then the Plan Benefits would be payable to Ruben as the sole, primary beneficiary and K.R.
24 (minor) as the sole, contingent beneficiary.

25       26. If a court were to determine that the September 28, 2020 Beneficiary Designation Form
26 is valid, then the Plan Benefits would be payable to K.R. (minor) as the sole, primary beneficiary and
27 Ruben as the sole, contingent beneficiary.

28       27. If a court were to determine that both beneficiary designation forms dated in September

of 2020 are invalid, then the Plan Benefits would be payable to both K.R. (minor) and Eric as primary beneficiaries at 50% each pursuant to the August 5, 2019 Beneficiary Designation Form.

### FIRST CLAIM FOR RELIEF FOR INTERPLEADER
**(Against all Defendants-in-Interpleader)**

28. MetLife incorporates by reference paragraphs 1 through 27 above, as though fully set forth herein.

29. The terms of the Plan require MetLife to pay the Plan Benefits to the beneficiary or beneficiaries of record designated at the time of Decedent's death. As set forth above, MetLife has been presented with competing and adverse claims to the Plan Benefits. MetLife is unable to determine which of the Defendants-in-Interpleader is entitled to the Plan Benefits and is unable to pay out the Plan Benefits without the risk of double liability.

30. MetLife files this Complaint-in-Interpleader in good faith and without any collusion with any of the parties hereto. MetLife claims no interest in the Plan Benefits (except to recover its attorneys' fees and costs of this action) and is merely a disinterested stakeholder in the action. MetLife admits its liability to pay the Contested Plan Benefits and will deposit the same plus applicable interest with the Court in connection with these proceedings for disbursement in accordance with the judgment of this Court.

31. MetLife is, and always has been, ready, able, and willing to pay the Plan Benefits to the person(s) who may be lawfully entitled to receive them. However, MetLife is unable to determine who is entitled to receive these funds without being subject to the real and reasonable potential of multiple liabilities as a result of the conflicting claims described above.

32. MetLife has incurred, and will continue to incur, attorneys' fees and costs in connection with this interpleader action and will seek to recover those fees from the stake at issue.

### PRAYER FOR RELIEF

WHEREFORE, MetLife prays for judgment against Defendants-in-Interpleader, and each of them, as follows:

1. That Defendants-in-Interpleader, and each of them, be required to interplead and litigate or settle amongst themselves their claims to the Plan Benefits at issue;

2. That this Court enter an order setting forth the proper recipient(s) of the Plan Benefits, including any assignees;

3. That the Court enter an order restraining and enjoining the Defendants-in-Interpleader from instituting any action or proceeding in any state or federal court against MetLife, the Plan, the Plan sponsor, or their agents for the recovery of the Plan Benefits, including the group policy funding the Plan Benefits, plus any applicable interest, by reason of the death of Decedent;

4. That the Court enter an order restraining and enjoining the Defendants-in-Interpleader from instituting any action or proceeding in any state or federal court against MetLife, the Plan, the Plan sponsor or their agents for the recovery of the Plan Benefits, plus any applicable interest, by reason of the death of Decedent;

5. That MetLife be discharged of all liability with respect to the Plan and the Plan Benefits due thereunder as a result of Decedent's death and be dismissed from the action;

6. That MetLife be awarded its attorneys' fees and costs, paid out of the stake to be deposited with the Court; and

7. That MetLife be awarded such other and further relief as this Court deems just, equitable, and proper.

Dated: March 18, 2021

HINSHAW & CULBERTSON LLP

By: */s/ Peter J. Felsenfeld*
MISTY A. MURRAY
PETER J. FELSENFELD
Attorneys for Plaintiff-in-Interpleader
METROPOLITAN LIFE INSURANCE COMPANY